IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY RACINE BULGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:13cv127-CSC |
| ) | (WO) |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Now pending before the court is the defendant's *amended* response to the plaintiff's motion for an award of attorney's fees which the court construes as a motion to amend the award of fees.[1] (Doc. # 23). On December 5, 2014, the defendant filed a response in which she stated that she agreed to pay fees in the amount of $2,703.81. However, that amount was incorrect. In fact, the parties agreed that the defendant would pay to the plaintiff $2,793.81 in attorney's fees and $8.17 in expenses for a total award of $2,801.98. *See* Doc. # 23.

Accordingly, upon consideration of the motion to amend, and for good cause, it is

ORDERED as follows:

1. That the court's order dated December 5, 2014 (doc. # 22) be and is hereby VACATED.

---

[1] The court notes that a motion as opposed to an amended response is the appropriate vehicle to correct the defendant's error.

2. The defendant's motion to amend the award of attorney's fees (doc. # 23) be and is hereby GRANTED.

3. That the motion for attorney's fees (doc. # 19) be and is hereby GRANTED to the extent that the plaintiff be and is hereby AWARDED attorney's fees in the amount of $2,793.81 and expenses in the amount of $8.17 for a total award of $2,801.98.

4. To the extent that plaintiff's counsel requests that fees should be awarded to directly to counsel, 28 U.S.C. § 2412(d)(1)(A) authorizes the court to award fees to the prevailing party.[2]  *See* 28 U.S.C. § (d)(2)(B).  *See also Astrue v. Ratliff*, — S.Ct. —, 2010 WL 2346547 (2010).  The motion that fees be paid directly to counsel be and is hereby DENIED.

Done this 8th day of December, 2014.

                                         /s/Charles S. Coody
                                         CHARLES S. COODY
                                         UNITED STATES MAGISTRATE JUDGE

---

[2]  On May 5, 2008, the Eleventh Circuit Court of Appeals decided *Reeves v. Astrue*, 526 F.3d 732 (11th Cir. 2008) in which the Court unambiguously held that "attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney." *Id*. at 738.  On June 14, 2010, the United States Supreme Court decided *Astrue v. Ratliff*, — S.Ct. —, 2010 WL 2346547 (2010) in which the Court unambiguously held that attorney's fees are awarded to the prevailing litigant, not to prevailing litigant's attorney.  *See also Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008) ("attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney.").